# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————————— )
                                       )

| | |
|---|---|
| **In re** ) | |
| ) | |
| **MICHAEL JOSEPH SINDRAM,** ) | |
| ) | |
|         **Debtor.** ) | |
| ——————————————————————————————) | |
| ) | |
| **MICHAEL JOSEPH SINDRAM,** ) | |
| ) | |
|         **Appellant,** ) | |
| ) | |
|       **v.** ) | **Civil Action No. 10-1674 (ESH)** |
| ) | |
| **UNITED STATES MARSHALS SERVICE,** ) | |
| ) | |
|         **Appellee.** ) | |
| ——————————————————————————————) | |
| | |
| ) | |
| **MICHAEL JOSEPH SINDRAM,** ) | |
| ) | |
|         **Appellant,** ) | |
| ) | |
|       **v.** ) | **Civil Action No. 10-1725 (ESH)** |
| ) | |
| **UNITED STATES MARSHALS SERVICE,** ) | |
| ) | |
|         **Appellee.** ) | |
| ——————————————————————————————) | |

## MEMORANDUM OPINION

In each of the above-captioned matters, Michael Joseph Sindram appeals from an order

entered by the Bankruptcy Court in the adversary proceeding *Sindram v. United States Marshals*

*Serv.*, No. 09-10041 (Bankr. D.D.C. ) ("Adversary Proceeding"). For the reasons stated herein,

both appeals will be dismissed as moot.

Sindram filed his complaint in the Adversary Proceeding against the United States Marshals Service on October 23, 2009. Compl., Adversary Proceeding (Oct. 23, 2009) [Bankr. dkt. #1]. The Bankruptcy Court granted the Marshals Service's motion to dismiss, *see* Order Dismissing Case, Adversary Proceeding (Apr. 20, 2010) [Bankr. dkt. #14], and entered judgment thereupon. *See* Judgment Dismissing Adversary Proceeding, Adversary Proceeding (Apr. 21, 2010) [Bankr. dkt. #18]. On April 26, 2010, Sindram filed a Notice of Appeal from that judgment. Notice of Appeal, Adversary Proceeding (Apr. 26, 2010) [Bankr. dkt. #23]. In the district court, that appeal was assigned to Judge Richard J. Leon as Civil Action No. 10-1084. *See* Notice of Appeal, *Sindram v. United States Marshals Service*, Civ. No. 10-1084 (D.D.C. June 28, 2010) ("Merits Appeal").[1] On August 9, 2010, Judge Leon dismissed the Merits Appeal with prejudice. Mem. Order, Merits Appeal, Aug. 9, 2010 [10-1084 dkt. #5].[2] An appeal of Judge Leon's Order dismissing the Merits Appeal is now pending before the United States Court of Appeals for the District of Columbia Circuit. *Sindram v. United States Marshals Service*, No.

---

[1]The time lag between the filing of the Notice of Appeal in the Bankruptcy Court and the docketing of the appeal in the District Court appears to have been caused by the fact that Sindram's Notice of Appeal sought to appeal directly to the Court of Appeals for the D.C. Circuit. *See* Notice of Appeal, Adversary Proceeding (Apr. 26, 2010) [Bankr. dkt. #23]. On June 15, 2010, the Bankruptcy Court ordered that the Notice be treated as a notice of appeal to the United States District Court for the District of Columbia. Order re Plaintiff's Notice of Appeal to the United States Court of Appeals for the District of Columbia Circuit, *Adversary Proceeding* (June 12, 2010) [Bankr. dkt. #29].

[2]Judge Leon dismissed the Merits Appeal, along with a host of other cases filed by Sindram, based on Sindram's failure to comply with a preexisting order requiring him to obtain leave to file prior to filing new cases in this Court. Mem. Order at 3-4, Merits Appeal (D.D.C. Aug. 9, 2010) (citing *Sindram v. Saunders*, Civ. No. 03-2110, 2004 WL 5459796 at *2 (D.D.C. Aug. 11, 2004)).

10-8008 (D.C. Cir. filed Sept. 29, 2010).

Post-judgment proceedings in the Bankruptcy Court led to the two additional orders that are the subject of the appeals pending before the undersigned:

(1) After Sindram noticed an appeal from the judgment, the Bankruptcy Court Clerk's Office issued a notice advising him that he had failed to pay the required appeal fee. Notice to Party Filing Deficient Document, Adversary Proceeding, Apr. 26, 2010 [Bankr. dkt. #24]. On April 30, 2010, Sindram responded by filing an application to proceed on the Merits Appeal without prepayment of fees. Application to Proceed Without Prepayment of Fees and Affidavit, Adversary Proceeding, Apr. 30, 2010 [Bankr. dkt. #26] ("First Fees Application"). On June 15, 2010, the Bankruptcy Court denied the application on the ground that Sindram's appeal was "entirely without merit" and "not taken in good faith." *See* Memorandum Decision and Order Denying First Fees Application, Adversary Proceeding (June 15, 2010) [Bankr. dkt. #31]. The Bankruptcy Court denied the application without prejudice to Sindram's renewal of the request before the district court. *Id.* On June 24, 2010, Sindram noticed an appeal from the June 15, 2010 Order denying his First Fees Application. Notice of Appeal, Adversary Proceeding (June 24, 2010) [Bankr. dkt. #34] ("First Fees Application Appeal"). In the district court, the First Fees Application Appeal has been assigned to the undersigned as Civil Action No. 10-1725. (Notice of Appeal, *Sindram v. United States Marshals Serv.*, Civ. No. 10-1725 (D.D.C. Oct. 13, 2010).)

(2) After Sindram noticed the appeal from June 15, 2010 Order denying his First Fees Application, the Clerk's Office again issued a notice advising him that he had again failed to pay the required appeal fee. Notice to Party Filing Deficient Document, Adversary Proceeding, June

29, 2010 [Bankr. dkt. #37]. Sindram responded by filing a application to proceed on his First

Fees Application Appeal without prepayment of fees. Application to Proceed Without

Prepayment of Fees and Affidavit, Adversary Proceeding, July 1, 2010 [Bankr. dkt. #38]

("Second Fees Application"). On August 16, 2010, the Bankruptcy Court denied Sindram's

Second Fees Application, again on the ground that Sindram's appeal was "entirely without

merit" and "not taken in good faith." *See* Memorandum Decision and Order Denying Second

Fees Application, *Bankr. Adversary Proceeding* (Aug. 16, 2010) [Bankr. dkt. #40]. Again, the

Bankruptcy Court denied the application without prejudice to Sindram's renewal of the request

before the district court. *Id.* On August 23, 2010, Sindram noticed an appeal from the August

16, 2010 Order denying his Second Fees Application. Notice of Appeal, *Bankr. Adversary*

*Proceeding* (June 24, 2010) [Bankr. dkt. #43] ("Second Fees Application Appeal"). In the

district court, the Second Fees Application Appeal has been assigned to the undersigned as Civil

Action No. 10-1674. (*See* Notice of Appeal, *Sindram v. United States Marshals Serv.*, Civ. No.

10-1674 (D.D.C. Oct. 13, 2010) ("Second Fees Application Appeal").)

In each case, Sindram has now filed his brief on appeal (Appellant's Br., Civ. No. 10-

1674 (Oct. 14, 2010) [dkt. #3]; Appellant's Br., Civ. No. 10-1725 (Oct. 27, 2010) [dkt. #5]), and

defendant has responded by filing a motion to dismiss the appeal or, alternatively, to strike

appellant's brief and summarily affirm. (Appellee's Mot. to Dismiss Appeal or Alternatively, to

Strike Appellant's Br. and Summarily Affirm the Decision of the Bankr. Court, Civ. No. 10-

1674 (Oct. 28, 2010) [dkt. #4; dkt. #5]; Appellee's Mot. to Dismiss Appeal or Alternatively, to

Strike Appellant's Br. and Summarily Affirm the Decision of the Bankr. Court, Civ. No. 10-725

(Oct. 28, 2010) [dkt. #6; dkt. #7].) However, based on a review of the record, it is apparent that

both appeals should be dismissed as moot. As discussed above, the First Fees Application Appeal concerns the Bankruptcy Court's order denying Sindram's application to proceed with his Merits Appeal without prepayment of fees. However, as Sindram's Merits Appeal has been dismissed with prejudice, his appeal of that order is moot. It follows that Sindram's Second Fees Application Appeal, which concerns the Bankruptcy Court's order denying his application to proceed with his First Fees Application Appeal without prepayment of fees, is also moot.[3]

Accordingly and for the reasons stated above, Civil Action No. 10-1674 and Civil Action No. 10-1725 will be DISMISSED as moot.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: October 29, 2010

---

[3]It appears to the undersigned that the two appeals assigned to her should, in fact, have been assigned as related to the Merits Appeal, Civil Action 10-1084, as they all "relat[e] to the same subject matter." *See* Local Civil Rule 40.5(a)(4). Accordingly, should the Merits Appeal be reinstated by the Court of Appeals, any further request by appellant to proceed without prepayment of fees must be filed with the presiding judge in that underlying matter.